UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DORIS P. MUNDO,             )
                            )
    *Plaintiff,*            )
                            )   Civil Action
        v.                  )   No.03 CV - 30311-MAP
                            )
DELTA AIRLINES INCORPORATED,)
                            )   **COMPLAINT**
    *Defendant.*            )
                            )

JURISDICTION AND PARTIES

I.

1. Plaintiff is, and was at all times mentioned, a resident of 36 Western Lane, Amherst, Hampshire County, thereby domiciled in and a citizen of the Commonwealth of Massachusetts.

2. Delta Airlines ("Delta") was, and is now, a corporation duly organized and existing under the laws of the State of Georgia, having its principal place of business at 1030 Delta Boulevard, Fulton County, Atlanta, in that state.

-1-

## AMOUNT IN CONTROVERSY, DIVERSITY OF CITIZENSHIP

II.

3. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact is wholly between two citizens of different states.

## GENERAL FACTS

III.

4. At all material times hereto, defendant Delta was an airline engaged in the business of transporting passengers by aircraft ("planes").

5. At all times material, defendant Delta offered fares, tickets and subsequent travel on its planes to consumer passengers, with the knowledge that such services would be marketed and distributed into the stream of commerce, and that passengers, such as plaintiff, would purchase its products.

6. On or about December 29, 2000, plaintiff and passenger, Doris Mundo, purchased a fare and ticket from defendant common carrier Delta for transportation from Springfield, Massachusetts to New Orleans, Louisiana on March 11, 2001.

7. From on or about December 29, 2000 and upon said purchase of fare and

ticket, plaintiff and passenger, Doris Mundo, notified defendant common carrier Delta that she was disabled and that her condition necessitated prioritized, special, care when traveling on defendants planes.

8. From on or about March 11, 2001, while plaintiff was a passenger on defendant Delta's planes and waited to board at defendant's terminal in New Orleans, Louisiana, plaintiff repeatedly notified defendants' representative of an illness she suffered that day but defendant allowed plaintiff to remain unattended.

## GENERAL HARM TO PLAINTIFF

9. After purchasing defendants products on or about December 29, 2000 and upon traveling and boarding on common carrier defendants planes on or about March 11, 2001, plaintiff says she became seriously harmed at defendant Deltas' terminal in New Orleans in that although plaintiff repeatedly notified defendants' representative of illness, defendant merely allowed plaintiff to remain unattended, thereby severely damaging and greatly injuring her when such lack of attention resulted in great suffering, humiliation and harms to requiring immediate emergent care.

## FIRST COUNT

Plaintiff complains against defendant Delta and for a first claim for relief against Delta alleges: NEGLIGENCE.

I.

10. Plaintiff incorporates and realleges Paragraphs one through nine of this Complaint against defendant and makes such paragraphs a part hereof.

II.

11. The plaintiff, Doris Mundo, says that defendant Delta negligently and unskillfully managed and cared for its passengers, including plaintiff, in that although she informed defendant she was disabled and repeatedly informed defendant that she was ill while a passenger on or about March 11, 2001, defendant ignored plaintiff's pleas for help and thereby caused the plaintiff to sustain harms.

12. The plaintiff, Doris Mundo, submits that defendant Delta knew, or should have known in its exercise of care under the circumstances consistent with its common carrier undertaking, and upon notice of her disability and further notification of her illness that day at its terminal in New Orleans, Louisiana, that it was foreseeable that she would suffer such harms due to defendants negligence.

13. As a direct and proximate consequence of defendants negligence she was caused to suffer severe, painful and serious injuries while in defendants care, was further disabled and was forced to endure pain, humiliation, loss of dignity and discomfort in body and mind in that she has suffered a seizure and unconsciousness, loss of dignity including bodily functions, was caused to travel in such a humiliated and weakened condition and was further caused to continue to suffer harms in that her pain and trauma was continued to be suffered by her for an extended period of time all to her great damage.

WHEREFORE, the plaintiff, Doris Mundo, demands judgment against defendant Delta for her damages, interest, and costs, and for such other relief that this Court deems meet and just.

## SECOND COUNT

Plaintiff complains against defendant Defendant and for a second claim for relief alleges: NEGLIGENT PERFORMANCE OF SERVICES.

I.

13. Plaintiff incorporates and realleges Paragraphs one through nine of this Complaint against defendant and makes such paragraphs a part hereof.

II.

14. The plaintiff, Doris Mundo, says that at all material times hereto, defendant contracted with consumers for common carrier air travel services.

15. The defendant then and there so negligently and carelessly performed such services as to cause, and permit to remain, a dangerous and defective condition in that it knew plaintiff was disabled and left plaintiff unattended when she became seriously ill.

16. As a result thereof and as a direct and proximate consequence of defendants negligence, plaintiff was caused to suffer severe, painful and serious injuries while in defendants care, was further disabled and was forced to endure pain, humiliation, loss of dignity and discomfort in both body and mind in that she has suffered a seizure and unconsciousness, loss of dignity including loss of bodily functions, was caused to travel in such a humiliated and weakened condition and was further caused to continue to suffer harms in that her pain and trauma was continued to be suffered by her for an extended period of time, all to her great damage.

WHEREFORE, the plaintiff, Doris Mundo, demands judgment against the defendants for his damages, interest, and costs, and for such other relief that this Court deems meet and just.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNTS ONE THROUGH TWO.

Dated: December 29, 2003

Doris Mundo

By Her Attorney,

Jeanne A. Liddy, Esq.
BBO# 646478
LAW OFFICES OF JEANNE A. LIDDY
94 North Elm Street, Suite 207
Westfield, MA. 01085
Tel: (413) 562-7096
Fax: (413) 562-1225