UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DORIS P. MUNDO | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>NO: 03CV30311-KPN |
| DELTA AIRLINES INCORPORATED | |
| Defendant. | |

## ANSWER TO PLAINTIFF'S COMPLAINT OF DEFENDANT DELTA AIR LINES, INC. AND DEFENDANT'S DEMAND FOR JURY TRIAL

The defendant, Delta Air Lines, Inc. (hereinafter "Delta"), improperly named Delta Airlines, Incorporated, in Plaintiff's complaint, by and through its attorneys, MEEHAN, BOYLE, BLACK & FITZGERALD, P.C., hereby answers each numbered paragraph of the Complaint, expressly reserving its right to seek relief or to rely upon additional defenses by appropriate motion or as of right.

### JURISDICTION AND PARITIES

1. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Delta Air Lines, Inc., improperly named Delta Airlines Incorporated, denies that it is organized under the law of Georgia but admits that it is a corporation and that its principle place of business is located in the State of Georgia.

### AMOUNT IN CONTROVERSY, DIVERSITY OF CITIZENSHIP

3. Delta admits that there is complete diversity but denies that the amount in controversy, in fact, exceeds $75,000.00 exclusive of interest and costs.

### GENERAL FACTS

4.    Delta admits that it is an airline engaged in transporting passengers by air.

5.    Delta admits that it is an airline engaged in the transportation of passengers by air.

6.    Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and calls upon the Plaintiff to prove the same.

7.    Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and calls upon the Plaintiff to prove the same.

8.    Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and calls upon the Plaintiff to prove the same.

### GENERAL HARM TO PLAINTIFF

9.    Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and calls upon the Plaintiff to prove the same.

### FIRST COUNT
(Negligence)

10.    Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 9 to Plaintiff's complaint as if expressly restated herein.

11.    Delta denies the allegations contained in Paragraph 11.

12.    Delta denies the allegations contained in Paragraph 12.

13.    Delta denies the allegations contained in Paragraph 13.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

SECOND COUNT
(Negligence)

13.    Delta repeats and incorporates herein to Plaintiff's second Paragraph 13 by reference its

answers to Paragraphs 1 through 9 to Plaintiff's complaint as if expressly restated herein.

14.    Delta admits that it is an airline engaged in transporting passengers by air but Delta is

without knowledge or information sufficient to form a belief as to the truth of the

allegation that it contacted with the Plaintiff for air travel and calls upon the Plaintiff to

prove the same.

15.    Delta denies the allegations contained in Paragraph 15.

16.    Delta denies the allegations contained in Paragraph 16.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its

favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this

action, including reasonable attorneys' fees.

## DEFENDANT DELTA AIR LINES, INC. ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Delta states that the Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Delta states that the alleged injuries of which the plaintiffs complain were not caused in

whole or contributed to in part by the conduct of one or more persons for whose conduct this

defendant was or is legally responsible.

- 3 -

## THIRD AFFIRMATIVE DEFENSE

Delta states that to the extent it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

## FOURTH AFFIRMATIVE DEFENSE

Delta states that the conduct, acts and/or omissions of which the plaintiffs complain were the conduct, acts and/or omissions of another and that this defendant does not have responsibility for same.

## FIFTH AFFIRMATIVE DEFENSE

Delta states that if the plaintiffs prove this defendant was negligent as alleged, which this defendant denies, then the plaintiff was more than fifty percent (50%) negligent, and therefore are barred from recovery under the law of comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

Delta states that the Plaintiff's claims are barred by the applicable Statute of Laminations and therefore Plaintiff's Complaint should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

Delta states that the injuries of which the plaintiffs complain were proximately caused by the failure of the plaintiff to use ordinary care under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that the plaintiffs' claims are preempted, governed and/or otherwise limited or controlled by the provisions of the Federal Aviation Act and regulations promulgated thereunder and other federal law.

- 4 -

## NINTH AFFIRMATIVE DEFENSE

Delta hereby gives notice that it intends to rely upon such other and further defenses as

may become available or apparent during discovery proceedings in this action and hereby

reserves the right to amend its Answer and to assert any such defense by appropriate motion.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its

favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this

action, including reasonable attorneys' fees.

## JURY CLAIM

Delta claims a trial by jury as to all issues so triable in this action.

DELTA AIR LINES, INC.
By Its Attorneys,

Peter J. Black, BBO #04407
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA  02108
(617) 523-8300

## CERTIFICATE OF SERVICE

I, Peter J. Black, hereby certify that on March 1, 2004, I gave notice of Delta Air Lines, Inc.'s Answer to Plaintiff's Complaint by mailing an exact copy thereof, postage prepaid to all counsel of record:  Jeanne A. Liddy, Esq., Law Offices of Jeanne A. Liddy, 94 North Elm Street, Suite 207, Westfield, MA 01085

Peter J. Black