UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED

| | |
|---|---|
| DORIS P. MUNDO<br>    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES INCORPORATED<br>    Defendant. | CIVIL ACTION<br>NO: 03CV30311-KPN |

## MEMORANDUM IN SUPPORT OF THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Delta Air Lines, Inc. ("Delta" or "defendant") hereby moves this court pursuant to Fed. R. Civ. P. 56, for an order granting summary judgment in its favor and dismissing all claims against it on the grounds that no genuine issue of material fact exists as to the failure of the plaintiff to institute this litigation within the applicable limitations period. More specifically, there is no issue as to the undisputed fact that the plaintiff filed her claim for relief on December 29th, 2003, more than two years and nine months after the events giving rise to this suit and more than one year and nine months after the applicable Louisiana statute of limitations period had passed. Since the applicable limitations period is that of the jurisdiction with the most significant interest in this issue, Louisiana's one-year statute applies and the plaintiff's claim is barred.

## LR 56.1 CONCISE STATEMENT OF UNDISPUTED FACTS

The following undisputed facts are set forth from the pleadings, deposition testimony of plaintiff Doris Mundo ("Mundo" or "plaintiff") and statements and affidavits of Delta employees

identified in this matter. In accordance with Fed. R. Civ. P. 56, for the purposes of this motion only, the following facts are presented in the light most favorable to the plaintiff:

1.  Plaintiff is, and was at all times mentioned, a resident of 36 Western Lane, Amherst, Massachusetts, and is therefore domiciled in and a citizen of Massachusetts. (*See* Exhibit 1, Complaint, ¶ 1).

2.  Delta was, and is now, a corporation with its principal place of business in Georgia and at all times relevant hereto was an airline engaged in the business of transporting passengers by air. (*See* Exhibit 2, Answer, ¶ 2, 4, 5; Exhibit 1, Complaint, ¶ 2).

3.  On or about December 29, 2000, plaintiff and passenger, Doris Mundo, purchased a ticket from the defendant Delta for transportation from Hartford, Connecticut, to New Orleans, Louisiana on March 11, 2001. (*See* Exhibit 3, Mundo Deposition, Pg. 94). Plaintiff alleges that she notified "that person in the [travel] agency...that [she had] a seizure disorder" when she purchased her ticket. (*See* Exhibit 3, Mundo Deposition, Pg. 154).

4.  Plaintiff alleges that on or about March 11, 2001, while she waited at defendant's terminal in New Orleans, Louisiana, she became seriously ill and notified Delta representatives of such illness and that, allegedly due to defendant's inattention, plaintiff suffered harm and humiliation which required immediate emergent care. (*See* Exhibit 1, Complaint, ¶ 7, 9).

5.  On or about December 29, 2003, plaintiff through her attorneys filed her Complaint with this court alleging claims in negligence and negligent performance of services against Delta. (*See* Exhibit 1, Complaint, Pgs. 4-7). Plaintiff alleges that her injuries were "caused" by Delta's negligence in that Delta "unskillfully managed and cared for its passengers, including the plaintiff." (*See* Exhibit 1, Complaint, ¶11). Plaintiff further alleges that Delta "so

negligently and carelessly performed [its] services as to cause, and permit to remain, a dangerous and defective condition in that it knew plaintiff was disabled and left plaintiff unattended when she became seriously ill." (*See* Exhibit 1, Complaint, ¶15).

6. In its Answer to Plaintiff's Complaint filed with this court on March 1, 2004, Delta, through its attorneys, stated that Plaintiff's claims are barred by the applicable Statute of Limitations and that Plaintiff's Complaint should be dismissed. (*See* Exhibit 2, Answer, Pg. 4).

## I. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if the pleadings and discovery on file, together with any affidavits submitted by the parties, show that there are no genuine issues as to any material facts. Fed. R. Civ. P. 56(c); *Kennedy v. Josephthal & Co., Inc.*, 814 F. 2d 798, 804 (1st Cir. 1987). When such a showing is made, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2555, 91 L.Ed. 2d 265 (1985).

The moving party's burden "may be discharged by 'showing' – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2554. "Rule 56(c) mandates the entry of summary judgment" where a party bearing the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322, 106 S. Ct. at 2552. Summary judgment is intended to allow the court, the parties, the witnesses and the jury to avoid the necessity and expense of a trial where it appears, as a matter of law, that the plaintiff cannot show essential elements of his case and where there remains no genuine issue of material fact to be decided by the jury. *Briggs v. Kerrigan*, 431 F. 2d 967, 968 (1st Cir. 1970).

3

## II. ARGUMENT

A. **The Plaintiff's Complaint Should Be Dismissed Because of Her Failure To Satisfy The Applicable Statute of Limitations.**

   1. **Under The Applicable Choice of Law Principles, The Louisiana Statute of Limitations Governs The Plaintiff's Cause Of Action**

Federal courts sitting in diversity are required to apply the forum's choice of law principles. *Klaxon Co. v. Strentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 118 (1938). Because this case was filed in the United States District Court for the District of Massachusetts, Massachusetts choice of law principles apply.

The Massachusetts Supreme Judicial Court has "departed from the traditional rule of law that characterized limitations statutes as procedural and automatically applied statute of limitations of the forum state," and instead employs a "functional approach that treats the issue as a choice of law question," looking to the principles set forth in the Restatement (Second) of Conflict of Laws §142 (Supp.1989). *Niermann v. Hyatt Corp.*, 441 Mass. 693, 695 (2004); *New England Tel. & Tel. Co. v. Gourdeau Constr. Co.*, 419 Mass. 658, 664 (1995). The forum applies its own limitations period "if it would advance a substantial forum interest and would not seriously impinge upon the interests of other states." *Niermann*, 441 Mass. at 696 (*quoting* Restatement (Second) of Conflict of Laws §142 (Supp.1989)). However, the forum should apply the limitations period of another jurisdiction if the "(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." *Niermann*, 441 Mass. at 695-96. Section 6 of the Restatement lists the following as factors relevant to determining which jurisdiction, the forum or another, has the more significant

interest: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies of the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." *Niermann*, 441 Mass. at 696 (*quoting* Restatement (Second) of Conflict of Laws §6 (1971)).

In *Niermann v. Hyatt Corp.*, the Supreme Judicial Court held that residents of Massachusetts were barred from bringing their personal injury action due to the Texas' two year statute. 441 Mass. 693-94. In that case, the plaintiff's injuries occurred at a Texas hotel, the plaintiffs were Massachusetts residents and had made reservations through a Massachusetts travel agent, and the defendant hotel was incorporated in Delaware and had its principal place of business in Illinois. *Id.* The Massachusetts Appeals Court had initially found that Massachusetts' limitations period applied because Massachusetts "ha[d] a substantial interest in the maintenance of their claims" since the plaintiffs were Massachusetts residents whereas "Texas had no countervailing interest at stake" since the hotel was based elsewhere. *Id.* at 696. The Supreme Judicial Court characterized the Appeals Court's finding as "appealing for its simplicity," but noted that it "fail[ed] to engage in the proper choice of law analysis under the principles set forth in §142." *Id.* at 696.

In finding the Texas statutory period "clearly" applicable, the Supreme Judicial Court reasoned that all of the negligent events took place in Texas, that the plaintiff suffered injury in Texas and that the hotel, though not incorporated in Texas, operated a business in Texas by employing Texans. *Id.* at 697. In concluding that Massachusetts had no countervailing interest, the Court reasoned that Massachusetts' interest in having its residents compensated for injuries

5

occurring outside its state was no less significant than Texas' interest in "balanc[ing] the need of its citizens to redress injuries and their right to be protected from protracted exposure to liability." *Id.* at 697-98. Texas, as the place of injury, the place where the negligent acts took place and the place where the hotel was operating its business, had the more significant interest. *Id.*

The facts of the instant litigation are strikingly similar to those in *Niermann*. Identical to the Massachusetts plaintiffs who made reservations in Massachusetts in *Niermann*, Mundo is from Massachusetts and made her reservations in Massachusetts. The *Niermann* plaintiff suffered injury in Texas and alleged claims in negligence against a business operating out of Texas, although it was incorporated and had its principal place of business elsewhere. Similarly, Mundo allegedly suffered injury in Louisiana and has alleged claims in negligence against a business operating out of Louisiana, although it was incorporated and had its principal place of business elsewhere. Booking reservations and living in Massachusetts were insufficient in *Neirmann* to create a Massachusetts interest greater than Texas' in applying its statutory period, because Texas was the place where the injuries took place, where the defendant operated the business and where the employees allegedly at fault lived. Similarly, the mere facts that Mundo made her reservation and resided in Massachusetts are not enough to create a Massachusetts interest greater than Louisiana's in applying its statutory period, since Louisiana is the place where the injuries took place, where Delta operated the business giving rise to the allegedly negligent acts and where the employees allegedly at fault are based. Hence, the Louisiana statute of limitations, which would bar Mundo's claim, applies.

In summary, this court should not apply Massachusetts' three year period of limitations because the forum has no substantial interest in the maintenance of Mundo's suit and her claim

"would be barred under the statute of limitations" of Louisiana, "a state having a more significant relationship to the parties and the occurrence." *See Niermann*, 441 Mass. at 695-96; *See Also Pedzewick v. Foe*, 963 F.Supp 48 (D.Mass. 1997) (according to Massachusetts' "functional approach," Florida's four-year statute of limitations applied to tort action arising from car accident in Florida involving Massachusetts plaintiffs and Georgia defendants); *F.D.I.C. v. Wabick*, 214 F.Supp.2d 864 (N.D.Ill. 2002) (D.C.'s shorter statute applied over the forum's because D.C. had the "most significant relationship" to claims since it was the place of injury and the place where the tortuous conduct occurred); *Stephens v. Norwalk Hosp.*, 162 F.Supp.2d. 36 (D.Conn. 2001) (Connecticut, as the place where the alleged malpractice occurred, where the defendants resided and where the relationship between the parties developed, had the more significant interest in applying its limitations period than did the state where the widow resided and continued to sustain emotional injury).

2. **Under The Louisiana Statute of Limitations, Mundo's Claim is Barred**

Louisiana's Statute of Limitations provides in pertinent part "[d]elicutal actions are subject to a liberative prescription of one year" which "...commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492 (*effective* Jan. 1, 1984). *See Rosen v. State Farm Mut. Auto Ins. Co.*, 870 So.2d 1057 (2004) (one-year statute of limitations barred personal injury claim against car owner and car insurer); *Elloie v. Anthony*, 660 So.2d 897 (La.App. 4th Cir. 1995) (one-year statute of limitations applicable to plaintiff's personal injury claim). Since Mundo allegedly suffered her injuries on or about March 11th, 2001, she was required under Louisiana's Statute of Limitations to file her claim no later than March 11th, 2002. However, Mundo filed her complaint more than one year and nine months after the Louisiana statutory period had expired. Thus her right to pursue claims arising out of the injuries she sustained on

March 11, 2001 is barred by her failure to file suit within the applicable period of limitations.[1]

## II. CONCLUSION

As there is no genuine issue as to the material fact that the plaintiff failed to satisfy Louisiana's one-year period of limitations, the defendant is therefore entitled to summary judgment as a matter of law and requests that its Motion for Summary Judgment be GRANTED.

Respectfully Submitted,
DEFENDANT DELTA AIR LINES, INC.
By its attorneys,

_____
Peter J. Black, BBO No. 044407
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza - Suite 600
Boston, MA 02108
(617) 523-8300

## CERTIFICATE OF SERVICE

I, Peter J. Black, counsel for the defendant Delta Air Lines, Inc. hereby certify that on the 26th day of October, 2004, I served the foregoing defendant Delta Air Lines, Inc.'s Motion for Summary Judgment, L.R. 7.1 Certificate and Request For Hearing, by mailing an exact copy thereof via first class mail, postage pre-paid, upon all counsel of record: Jeanne A. Liddy, Esq., 94 North Elm Street, Suite 207, Westfield, MA, 01085.

_____
Peter J. Black

---

[1] Even if the court applied Georgia's two-year limitations (because Georgia is Delta's principal place of business), Mundo's claim would still be barred since she filed her complaint nine months after the passing of Georgia's statutory period. *See* Ga. Code §9-3-33 (1933) (providing "action for injuries to the person shall be brought within two years after the right of action accrues...").

8

## TABLE OF EXHIBITS

Exhibit 1:     Complaint

Exhibit 2:     Answer

Exhibit 3:     Mundo Deposition