1

EXHibit's

## CIVIL DOCKET FOR CASE #: 3:03-cv-30311-MAP

Mundo v. Delta Airlines Inc.
Assigned to: Honorable Michael A Ponsor
Referred to: Magistrate Kenneth P. Neiman
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/29/03
Jury Demand: Defendant
Nature of Suit: 310 Airplane
Jurisdiction: Diversity

**Plaintiff**
-----------------------

**Doris P. Mundo**

represented by **Jeanne A. Liddy**
Law Offices of Jeanne A. Liddy
94 North Elm Street, Suite 207
Westfield, MA 01085
413-562-7096
Fax : 413-562-1225
Email: jeanne.liddy@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Delta Airlines Inc.**

represented by **Peter J. Black**
Meehan, Boyle, Black & Fitzgerald
Two Center Plaza, Suite 600
Boston, MA 02108-1922
617-523-8300
Fax : 617 523-0455
Email: pjb@mbbf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 12/29/2003 | 1 | COMPLAINT against Delta Airlines Inc. by Doris P. Mundo filed. Filing fee of $150.00 paid. Receipt number 305464. Magistrate Judge Consent Form, LR 4.1, notice of lawsuit and waiver of service of summons to Counsel.(Finn, Mary) (Entered: 12/29/2003) |
| 12/29/2003 |  | Summons Issued as to Delta Airlines Inc.. (Finn, Mary) (Entered: 12/29/2003) |
| 12/29/2003 | 2 | CONSENT to Jurisdiction by US Magistrate Judge filed and placed in the vault. (Finn, Mary) (Entered: 12/29/2003) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DORIS P. MUNDO, )
)
*Plaintiff,* )
) Civil Action
v. ) No.03 CV 30311-KPN
DELTA AIRLINES INCORPORATED, )
) **COMPLAINT**
*Defendant.* )
)

JURISDICTION AND PARTIES

I.

1. Plaintiff is, and was at all times mentioned, a resident of 36 Western Lane, Amherst, Hampshire County, thereby domiciled in and a citizen of the Commonwealth of Massachusetts.

2. Delta Airlines ("Delta") was, and is now, a corporation duly organized and existing under the laws of the State of Georgia, having its principal place of business at 1030 Delta Boulevard, Fulton County, Atlanta, in that state.

-1-

## AMOUNT IN CONTROVERSY, DIVERSITY OF CITIZENSHIP

II.

3. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact is wholly between two citizens of different states.

## GENERAL FACTS

III.

4. At all material times hereto, defendant Delta was an airline engaged in the business of transporting passengers by aircraft ("planes").

5. At all times material, defendant Delta offered fares, tickets and subsequent travel on its planes to consumer passengers, with the knowledge that such services would be marketed and distributed into the stream of commerce, and that passengers, such as plaintiff, would purchase its products.

6. On or about December 29, 2000, plaintiff and passenger, Doris Mundo, purchased a fare and ticket from defendant common carrier Delta for transportation from Springfield, Massachusetts to New Orleans, Louisiana on March 11, 2001.

7. From on or about December 29, 2000 and upon said purchase of fare and

-2-

ticket, plaintiff and passenger, Doris Mundo, notified defendant common carrier Delta that she was disabled and that her condition necessitated prioritized, special, care when traveling on defendants planes.

8. From on or about March 11, 2001, while plaintiff was a passenger on defendant Delta's planes and waited to board at defendant's terminal in New Orleans, Louisiana, plaintiff repeatedly notified defendants' representative of an illness she suffered that day but defendant allowed plaintiff to remain unattended.

## GENERAL HARM TO PLAINTIFF

9. After purchasing defendants products on or about December 29, 2000 and upon traveling and boarding on common carrier defendants planes on or about March 11, 2001, plaintiff says she became seriously harmed at defendant Deltas' terminal in New Orleans in that although plaintiff repeatedly notified defendants' representative of illness, defendant merely allowed plaintiff to remain unattended, thereby severely damaging and greatly injuring her when such lack of attention resulted in great suffering, humiliation and harms to requiring immediate emergent care.

## FIRST COUNT

Plaintiff complains against defendant Delta and for a first claim for relief against Delta alleges: NEGLIGENCE.

I.

10. Plaintiff incorporates and realleges Paragraphs one through nine of this Complaint against defendant and makes such paragraphs a part hereof.

II.

11. The plaintiff, Doris Mundo, says that defendant Delta negligently and unskillfully managed and cared for its passengers, including plaintiff, in that although she informed defendant she was disabled and repeatedly informed defendant that she was ill while a passenger on or about March 11, 2001, defendant ignored plaintiff's pleas for help and thereby caused the plaintiff to sustain harms.

12. The plaintiff, Doris Mundo, submits that defendant Delta knew, or should have known in its exercise of care under the circumstances consistent with its common carrier undertaking, and upon notice of her disability and further notification of her illness that day at its terminal in New Orleans, Louisiana, that it was foreseeable that she would suffer such harms due to defendants negligence.

13. As a direct and proximate consequence of defendants negligence she was caused to suffer severe, painful and serious injuries while in defendants care, was further disabled and was forced to endure pain, humiliation, loss of dignity and discomfort in body and mind in that she has suffered a seizure and unconsciousness, loss of dignity including bodily functions, was caused to travel in such a humiliated and weakened condition and was further caused to continue to suffer harms in that her pain and trauma was continued to be suffered by her for an extended period of time all to her great damage.

WHEREFORE, the plaintiff, Doris Mundo, demands judgment against defendant Delta for her damages, interest, and costs, and for such other relief that this Court deems meet and just.

## SECOND COUNT

Plaintiff complains against defendant Defendant and for a second claim for relief alleges: NEGLIGENT PERFORMANCE OF SERVICES.

I.

13. Plaintiff incorporates and realleges Paragraphs one through nine of this Complaint against defendant and makes such paragraphs a part hereof.

-5-

II.

14. The plaintiff, Doris Mundo, says that at all material times hereto, defendant contracted with consumers for common carrier air travel services.

15. The defendant then and there so negligently and carelessly performed such services as to cause, and permit to remain, a dangerous and defective condition in that it knew plaintiff was disabled and left plaintiff unattended when she became seriously ill.

16. As a result thereof and as a direct and proximate consequence of defendants negligence, plaintiff was caused to suffer severe, painful and serious injuries while in defendants care, was further disabled and was forced to endure pain, humiliation, loss of dignity and discomfort in both body and mind in that she has suffered a seizure and unconsciousness, loss of dignity including loss of bodily functions, was caused to travel in such a humiliated and weakened condition and was further caused to continue to suffer harms in that her pain and trauma was continued to be suffered by her for an extended period of time, all to her great damage.

WHEREFORE, the plaintiff, Doris Mundo, demands judgment against the defendants for his damages, interest, and costs, and for such other relief that this Court deems meet and just.

## DEMAND FOR JURY TRIAL

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNTS ONE THROUGH TWO.

Dated: December 29, 2003                    Doris Mundo

                                            By Her Attorney,

                                            Jeanne A. Liddy, Esq.
                                            BBO# 646478
                                            LAW OFFICES OF JEANNE A. LIDDY
                                            94 North Elm Street, Suite 207
                                            Westfield, MA.   01085
                                            Tel:  (413) 562-7096
                                            Fax: (413) 562-1225



UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DORIS P. MUNDO<br>　　　　　　　Plaintiff,<br><br>v.<br><br>DELTA AIRLINES INCORPORATED<br>　　　　　　　Defendant. | CIVIL ACTION<br>NO: 03CV30311-KPN |

**ANSWER TO PLAINTIFF'S COMPLAINT OF DEFENDANT DELTA
AIR LINES, INC. AND DEFENDANT'S DEMAND FOR JURY TRIAL**

The defendant, Delta Air Lines, Inc. (hereinafter "Delta"), improperly named Delta Airlines, Incorporated, in Plaintiff's complaint, by and through its attorneys, MEEHAN, BOYLE, BLACK & FITZGERALD, P.C., hereby answers each numbered paragraph of the Complaint, expressly reserving its right to seek relief or to rely upon additional defenses by appropriate motion or as of right.

### JURISDICTION AND PARITIES

1. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Delta Air Lines, Inc., improperly named Delta Airlines Incorporated, denies that it is organized under the law of Georgia but admits that it is a corporation and that its principle place of business is located in the State of Georgia.

### AMOUNT IN CONTROVERSY, DIVERSITY OF CITIZENSHIP

3. Delta admits that there is complete diversity but denies that the amount in controversy, in fact, exceeds $75,000.00 exclusive of interest and costs.

### GENERAL FACTS

4.  Delta admits that it is an airline engaged in transporting passengers by air.

5.  Delta admits that it is an airline engaged in the transportation of passengers by air.

6.  Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and calls upon the Plaintiff to prove the same.

7.  Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and calls upon the Plaintiff to prove the same.

8.  Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and calls upon the Plaintiff to prove the same.

### GENERAL HARM TO PLAINTIFF

9.  Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and calls upon the Plaintiff to prove the same.

### FIRST COUNT
(Negligence)

10. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 9 to Plaintiff's complaint as if expressly restated herein.

11. Delta denies the allegations contained in Paragraph 11.

12. Delta denies the allegations contained in Paragraph 12.

13. Delta denies the allegations contained in Paragraph 13.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## SECOND COUNT
(Negligence)

13. Delta repeats and incorporates herein to Plaintiff's second Paragraph 13 by reference its answers to Paragraphs 1 through 9 to Plaintiff's complaint as if expressly restated herein.

14. Delta admits that it is an airline engaged in transporting passengers by air but Delta is without knowledge or information sufficient to form a belief as to the truth of the allegation that it contacted with the Plaintiff for air travel and calls upon the Plaintiff to prove the same.

15. Delta denies the allegations contained in Paragraph 15.

16. Delta denies the allegations contained in Paragraph 16.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

### DEFENDANT DELTA AIR LINES, INC. ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Delta states that the Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against this defendant upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Delta states that the alleged injuries of which the plaintiffs complain were not caused in whole or contributed to in part by the conduct of one or more persons for whose conduct this defendant was or is legally responsible.

### THIRD AFFIRMATIVE DEFENSE

Delta states that to the extent it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### FOURTH AFFIRMATIVE DEFENSE

Delta states that the conduct, acts and/or omissions of which the plaintiffs complain were the conduct, acts and/or omissions of another and that this defendant does not have responsibility for same.

### FIFTH AFFIRMATIVE DEFENSE

Delta states that if the plaintiffs prove this defendant was negligent as alleged, which this defendant denies, then the plaintiff was more than fifty percent (50%) negligent, and therefore are barred from recovery under the law of comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE

Delta states that the Plaintiff's claims are barred by the applicable Statute of Laminations and therefore Plaintiff's Complaint should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

Delta states that the injuries of which the plaintiffs complain were proximately caused by the failure of the plaintiff to use ordinary care under the circumstances.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant states that the plaintiffs' claims are preempted, governed and/or otherwise limited or controlled by the provisions of the Federal Aviation Act and regulations promulgated thereunder and other federal law.

## NINTH AFFIRMATIVE DEFENSE

Delta hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## JURY CLAIM

Delta claims a trial by jury as to all issues so triable in this action.

DELTA AIR LINES, INC.
By Its Attorneys,

*[signature]*

Peter J. Black, BBO #04407
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108
(617) 523-8300

## CERTIFICATE OF SERVICE

I, Peter J. Black, hereby certify that on March 1, 2004, I gave notice of Delta Air Lines, Inc.'s Answer to Plaintiff's Complaint by mailing an exact copy thereof, postage prepaid to all counsel of record: Jeanne A. Liddy, Esq., Law Offices of Jeanne A. Liddy, 94 North Elm Street, Suite 207, Westfield, MA 01085

*[signature]*

Peter J. Black



```
 1
 2              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
 3
                                 C.A. 03-30311-KPN
 4
     DORIS P. MUNDO
 5
     VS.
 6
     DELTA AIRLINES, INC.
 7

 8
         DEPOSITION OF:  DORIS P. MUNDO, taken before
 9       Helga Ragle, Shorthand Reporter, Notary
         Public pursuant to the Federal Rules of
10       Civil Procedure, at the offices of Jeanne A.
         Liddy, Esq., 94 North Elm Street, Westfield,
11       Massachusetts, on September 30, 2004,
         commencing at 12:20 p.m.
12

13

14   APPEARANCES:

15   (See Page 2.)

16

17

18

19

20

21
                        Helga Ragle
22                   Shorthand Reporter

23
```

959 MAIN STREET       PHILBIN & ASSOCIATES, INC.      (413) 733-4 )78
4TH FLOOR                                           Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                 FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

Page 93

1 security; you can just go to the ticket counter and
2 you carry your bags in. You can buy a ticket, you can
3 make travel changes.
4       Do you know what I am talking about?
5   A. I think that we went in and went through
6 security and all that stuff and somewhere when we got
7 to because --
8   Q. The gate area?
9   A. The gate area. Because we had the tickets
10 in hand.
11  Q. Sure.
12      Did you have any bags to check?
13  A. Yes, we had bags to check.
14  Q. You wouldn't be able to check the bags
15 there; you would have to check them earlier?
16  A. Yes, I think that we went there. We were
17 told --
18  Q. When you say there --
19  A. To the ticket counter, to the Delta ticket
20 counter.
21  Q. To check your bags?
22  A. To check our bags, that either we were not
23 booked for that flight, but we were booked for a later

Page 94

1 flight, and I basically explained that we had to
2 travel as a group.
3       I had transportation issues when I got, we
4 got back because there was only a certain timeframe I
5 could be absent. We needed to be back for the ride
6 that we had arranged, and Mr. Castellano was being
7 picked up or something else.
8   Q. He had the same problem?
9   A. He was supposed to be on that flight.
10  Q. He was -- was his reservation for the
11 flight in the morning or was he also booked on the
12 later flight, whether or not he thought he should have
13 been on the earlier flight?
14  A. I think that he was booked for the earlier
15 flight because I think that later that flight was also
16 delayed or something. I don't remember what happened.
17 But so --
18  Q. And he is the one who had arranged
19 transportation for himself and others from, was it
20 Bradley Airport in Connecticut that you were leaving
21 from?
22  A. He was the one who connected us with the
23 travel agent. He didn't himself make the

Page 95

1 arrangements.
2   Q. I understand that.
3       But you talked about arrangements to get
4 from the airport back to Springfield or the
5 Springfield area?
6   A. Yes.
7   Q. Is he the one who also arranged that
8 transportation or had you and your husband separately
9 arranged to be picked up?
10  A. We had made different transportation
11 arrangements to get there and return.
12  Q. So you went to the ticket counter to check
13 your bags and you learned that your reservations were
14 not for the flight you thought you were on?
15  A. Yes.
16  Q. Was it at that point that they said they
17 would try to put you on that flight, that morning
18 flight, but you would have to go on stand-by to see if
19 you could get on?
20  A. Yes.
21      I explained to them that I had this
22 transportation problem and I really needed to be on
23 that flight, and they were very nice and told me they

Page 96

1 were going to put my name in --
2   Q. On the stand-by?
3   A. On the stand-by. They couldn't make any
4 guarantees.
5       And so as best I can remember they were
6 asking different people to give up seats. Generally
7 as I said different people had already been asked
8 before I actually went and sat down about offering
9 their seats, and so there were different people who
10 had already received seats, but they continued to
11 announce it.
12  Q. Well, that would be going on at the gate,
13 correct?
14  A. That was when I went to that Delta person.
15  Q. Let me just try to follow this.
16      We talked about going to the ticket counter
17 and you learning that you were actually on a later
18 flight?
19  A. Yes.
20  Q. And they said they would put you on the
21 stand-by list?
22  A. Uh-huh.
23  Q. You checked your bags?

Page 153

1  Q. And coming back you were flying into
2  Connecticut?
3  A. Yes.
4  Q. And then you were driving to Massachusetts?
5  A. Yes.
6  Q. And Delta didn't arrange for your
7  transportation from Massachusetts to Bradley or
8  Bradley to Massachusetts, you did that?
9  A. I did that, yes.
10      No, I didn't think that was their
11 responsibility.
12 Q. I understand. I want to make sure I
13 understood that where you were leaving from and where
14 you flew to from New Orleans. You could have flown
15 into Boston?
16 A. No. I always fly out of Bradley.
17     MR. BLACK: All right, that is all I
18 have at this point.
19     MS. LIDDY: About three questions.
20
21  *   *   *   *   *
22
23

Page 154

1
2         CROSS EXAMINATION BY MS. LIDDY
3
4  Q. Did you tell anyone about your disability
5  before you got on Delta?
6  A. Yes.
7  Q. Who did you tell?
8  A. I told the person when I got there that,
9  that I had, that person that was there.
10 Q. What person?
11 A. The person in the airport. When --
12 Q. At Delta?
13 A. At Delta.
14     When I went to pay for my ticket, I told
15 that person in the agency, whatever that agency is
16 there, that I have a seizure disorder and that it
17 sometimes comes on.
18     And I -- when I was at that Delta, the
19 gate, the departure gate, I spoke to that first woman
20 and I told her also. That you know, that I was
21 starting to feel anxious and I have a seizure
22 disorder, but when I went to make the arrangement for
23 that, to see if they could ticket me elsewhere, I kept

Page 155

1  insisting to that person I was really feeling sick, I
2  have a seizure disorder, and I just needed to be in a
3  place, if I am somewhere that I don't move around and
4  fall off my chair, that I just have to have my own
5  privacy, and I am very conscious of my dignity and how
6  I present myself professionally, and so, you know, I
7  told that man at the booth. I told him I have a
8  seizure disorder, I am going to --
9  Q. And the man at the booth was a Delta
10 employee?
11 A. He was a Delta employee, as far as I can
12 recall. I don't know, he was probably fifty or so.
13 But I really didn't get to see him face to face
14 because he was taking baggage and talking to people
15 and I was telling him, so I can't describe him.
16     The best I can remember he was older,
17 younger, but not old.
18 Q. Did he give you a business card?
19 A. I think my husband asked for a business
20 card.
21
        (Defendant's Exhibit No. 2,
22       offered and marked.)
23

Page 156

1  Q. And the flight back from New Orleans to
2  Hartford, can you, what was your condition like? How
3  would you travel?
4  A. The plane was crowded. I just sat next to
5  my husband and just buried my head in his stomach area
6  and just feeling like an ostrich.
7  Q. What did you have on?
8  A. I don't remember what I had on. All I know
9  is I generally travel either in sneakers or jeans and
10 sneakers. Unless I am getting, if I travel directly
11 to a conference, if I go to the presentation, I travel
12 with my business attire, but it is all a blur.
13 Q. If you had had a loss of bodily functions
14 were you able to change your clothes?
15     MR. BLACK: Objection.
16     THE WITNESS: If I had my bags with me.
17 Q. This time?
18 A. This time I didn't, so I couldn't change my
19 clothes.
20     MS. LIDDY: That is all I have. Thank
21 you.
22     MR. BLACK: Obviously I can't, we can't
23 leave with that.

|   |   |
|---|---|
| 1 | COMMONWEALTH OF MASSACHUSETTS |
| 2 | COUNTY OF HAMPDEN |

I, HELGA RAGLE, a Notary Public within and for the Commonwealth of Massachusetts at large, do hereby certify that I took the deposition of DORIS P. MUNDO, pursuant to the Federal Rules of Civil Procedure on September 30, 2004, at the offices of Jeanne A. Liddy, Esq., 94 North Elm Street, Westfield, Massachusetts.

I further certify that the above named deponent was by me first duly sworn to testify to the truth, the whole truth and nothing but the truth concerning her knowledge in the matter of the case of DORIS P. MUNDO vs. DELTA AIRLINES, INC., now pending in the United States District Court for the District of Massachusetts.

I further certify that the within testimony was taken by me stenographically and reduced to typewritten form under my direction by means of COMPUTER ASSISTED TRANSCRIPTION; and, I further certify that said deposition is a true record of the testimony given by said witness.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken; and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially or otherwise interested in the outcome of the action.

WITNESS my hand and seal this 11th day of October, 2004.

_____
Helga Ragle
Notary Public
Certified Shorthand Reporter

My commission expires
October 2, 2009.

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947