**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DORIS P. MUNDO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action |
| v. | ) | No.03 CV 30311-MAP |
| DELTA AIRLINES INCORPORATED, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DELTA AIRLINES, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff hereby respectfully submits her memorandum of law in opposition to Defendant
Delta Airlines, Inc.'s Motion for Summary Judgment (hereinafter "Defendant's Motion").

**INTRODUCTION**

Defendant's Motion based upon statute of limitation grounds must be denied against it in

regards to plaintiff's action where she has alleged that Defendant Delta Airlines Inc.,

(hereinafter "Delta") was negligent and/or negligently performed services when and while

she was in Delta's care and that as a direct and proximate consequence of such negligence

she suffered humiliation and attendant harms. Here, Plaintiff's burden is to demonstrate

that there are facts in existence from which a jury could reasonably conclude that her

action was timely commenced. Alternatively, plaintiff may also show that there exists

uncontroverted facts, which, when applied to law, conclusively could confirm that her

action was commenced in timely fashion. Below, as plaintiff has proved there are

-1-

genuine issues of material facts from which a reasonable jury could return a favorable verdict for plaintiff, and plaintiff has further illustrated uncontroverted facts that confirm timely initiation of the instant action, defendant is not entitled to a Judgment as a matter of law and Defendant's Motion must be denied with prejudice.

## PLAINTIFF'S RULE 56.1 RESPONSE TO DEFENDANTS' LR 56.1 CONCISE STATEMENT OF UNDISPUTED FACTS

In its Memorandum, Delta has set forth its L.R. 56.1 concise statements of facts. See Memorandum in Support of the Defendant's Motion for Summary Judgment and Defendant's Concise Statement of Undisputed Material Facts, hereinafter "Delta Memorandum." The plaintiff responds to those as follows:

The plaintiff agrees to the facts presented by Delta regarding diversity domicile and Delta's principal place of business addresses. Plaintiff also agrees that she has a seizure disorder and that she did notify carrier Delta of this disability and its potential for illness. Plaintiff agrees to the remaining facts as they are presented for purposes of this response only **except** that: (1) The Plaintiff denies that she "purchased a ticket from Delta for transportation from Hartford *only,* in that Bradley International Airport services the metro Hartford/Springfield area and the travel agent where she purchased the ticket from has a place of business in the Commonwealth of Massachusetts; and (2) that her claims are barred by any applicable Statute of Limitations, or, that Plaintiff's Complaint should now be dismissed. Delta Memorandum at p 2 para. 3, p 3 para. 6.

-2-

## PLAINTIFF'S L.R. CONCISE STATEMENT OF FACTS

In addition to the undisputed facts, above, which plaintiff also incorporates here, Plaintiff further states that in purchasing her Delta ticket from a travel agency business in the Commonwealth of Massachusetts for air travel on Delta from Hartford/Springfield to New Orleans, Louisiana, she also purchased at the same time a return fare back to Springfield, Massachusetts. Plaintiff sets forth that it is undisputed that she informed her travel agent, in the Commonwealth of Massachusetts that she had a seizure disorder. Exhibit 1, Plaintiff's Deposition at157. Plaintiff further states that is uncontroverted that upon her return from New Orleans to Hartford/Springfield and while she was at the exclusive airport gate area in New Orleans airport with defendant Delta and after she checked her bags through, she again notified a Delta representative of the onset of illness and of her condition. Id. at 154-155, 157-159. Plaintiff states it is uncontroverted that she became ill at Delta's gate terminal after informing, again, a Delta representative of her condition and that the Delta representative gave Plaintiff's husband a business card. Exhibit 2.

### Argument

Summary judgment is appropriate in order "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. "Masnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 5.2d 46, 50 (1st Cir. 1990). The burden of persuasion is necessarily upon the moving party to fully illustrate the suitability of its motion based upon "pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, that moving party must illustrate by a way of a preliminary showing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. Nat'l Amusements, Inc., v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995).

Below, it cannot here be said that plaintiff's claims are barred by the statute limitations or that there is "an absence of evidence to support the nonmoving party's case." See Celotex Corp. v. Catrett, 477 U.S. 242, 247-248 (1986). Here, the existence of a genuine issue is rendered where a non-movant illustrates evidence to show "that a reasonable jury could return a verdict for the nonmoving party," while a material fact is one that when substantive Massachusetts law is applied, the outcome is affected. Anderson v. Liberty Lobby, Ins., 477 U.S. 242, 247-248 (1986). Moreover, the entire record is viewed in light most favorable to the nonmovant, here plaintiff, employing "all reasonable inferences in that party's favor." Thomas v. Eastman Kodak Co., 183 F.3d 38, 42 (1st Cir. 1999), cert. denied, 528 U.S. 1161 (2000). Only where a non-movant's record fails such scrutiny, does summary judgment enter, or, it may denied where factual issues remain in dispute that are best left to the trier of facts determination. Plaintiff illustrates uncontroverted facts which when applied to Massachusetts law, further demonstrate that she has timely commenced her action well within the allowable time

-4-

mandated.   Plaintiff's action, therefore, must not be dismissed and Delta's Motion must be denied.

## I.   PLAINTIFF HAS TIMELY COMMENCED HER ACTION AND IT MUST NOT BE DISMISSED.

### A. Massachusetts as the forum state; precedent mandates that the Commonwealth's three year statute of limitations must apply to the case at bar.

A Federal Court in a diversity action, as here, applies "the substantive law of the forum in which it sits, including that state's conflict-of-laws provisions." Dykes v. Depuy, Inc., 140 F.3d 31, 39 (1st Cir. 1998) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 796, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941). Under Massachusetts law, tort action is to be commenced within three years after cause of action accrues. Shahzade v. Gregory, D.Mass.1996, 930 F.Supp.673.

Here, a "functional choice-of-law approach" is set forth recently in what has, as of July, 2004, and termed to be the "leading case in Massachusetts," regarding this analysis. Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 473 N.E.2d 662 (1985) (cited in Daynard v NRRM, P.A. Ronald Motley, Scruggs, Millette, Bozeman & Dent, P.A. et al v. Castano Plaintiffs' Legal Committe a/k/a"Castano Group" Richard Sandman and Rodman, Rodman & Sandman, P.C.,335 F.Supp.2d 156, 160.   Additionally, under Massachusetts' Gourdeau rule, that court should take functional approach to determining whether to apply statute of limitations of forum state or foreign state by focusing on

which state had more significant relationship to occurrence and to parties. Stanley v. CF-VH Associates, Inc., D.Mass.1997, 956 F.Supp. 55.

In *Daynard*, the functional approach analysis begins with where a relationship between parties began or, in that case "where the release was executed...and negotiated and drafted...by citizens of that state." *Daynard*, 335 F.Supp.2d 156. Importantly, *Daynard* looks to the Restatement of Conflict of Laws, SS 6(2) and 188 to determine that where the parties' expectation of laws would center in the functional approach that views "the interests of the parties, the States involved and the interstate system as a whole." *Daynard* at 160, citing *Bushkin* 393 Mass. At 631, 473 N.E.2d 662. *Daynard* reiterates the *Bushkin* test employed as (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c ) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the portection f justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result and (g) ease in the determination of the law to be applied. Id.

Importantly, the *Daynard* court "observes that Massachusetts choice of law rules approach tort claims in much the same way as contract claims [and]...has applied *Bushkin's* functional approach and looked to Restatement (Second) of Conflicts of Laws Sections 6 and 145 for guidance." Thus, the Restatement (Second) of Conflicts of Laws Section 6(2) illustrates that (1) the rights and duties of the paries with respect to ian issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles

stated in Section 6; and (2) in the absence of an effective choice of law by the parties (see section 187), the conacts to be taken into account in applying the principles of section 6 to determine the law applicable to an issue include (a) the place of contracting; (b) the place of negotiating the contract; (c ) the place of performance; (d) the location of the subject matter of the contract; and (d) the domicile, residence, nationality, place of incorporation and place of the parties; (3) if the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied."

This would appear to be in concert with a case that has held that where a Florida accident victim's cause of action to recover uninsured motoristbenefits from her grandmother's automobile insurer arose in Massachusetts, place where policy was executed (lex loci contractus), and, therefore, was governed by this section, rather than Florida statute of limitations, and by Florida borrowing statute, which prohibits cause of action if it arises in another state and that state's laws forbid maintenance of action due to lapse of time. Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293 (1988).

In the case at bar, it is undisputed, above, that plaintiff purchased her ticket in the Commonwealth of Massachusetts, where she is domiciled. It is further undisputed, above, that her travel agent has a place of business with forum employees in Massachusetts and that the contractual arrangement whereby plaintiff purchased her ticket for a flight on Delta originated in Massachusetts. Thus, it is clear that plaintiff expected to purchase her flight in the forum where she resided and further expected that same ticket would return her to the forum state of Massachusetts. Further buttressing this point

-7-

is the premise that plaintiff purchased her ticket for the services to be performed by Delta, that is, a flight from her domicile and a flight to return home. Again, *Daynard* cites *Bushkin* as appropriately non-mechanical in its analysis and instead "emphasiz[ing] the choice-influencing factors listed in section 6(2) of the Restatement (Second) of Conflict of Laws...[but] where the relevant considerations and contacts are nearly balanced, Bushkin advises courts to look to the expectation of the parties." *Daynard* at 160-161, citing *Bushkin* 393 Mass. At 634-635, 473 N.E.2d 662. Indeed, the common intent of "contracting parties from two or more states should be able to enter into a mutual agreement without fear that an unexpected forum's law will apply to their contract, yielding unintended results." *Daynard* at 162.

As here and as correctly quoted in Delta's Memorandum, "the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and to the parties under the principles stated in Section 6 [1]." Id at 163. However, the *Daynard* court employing the seminal case of *Bushkin* commands that one must use a contract-like analysis and be further informed by Section 6(2) of the Restatement. Thus, as plaintiff purchased her ticket where she was domiciled and she purchased that ticket for air travel performance of services from an agentry in her domicile to which she planned to return, the policies of the forum should apply as a protection to the parties' expectations. Indeed, as Massachusetts was the place of contracting, was the place of negotiation of the contract, was the place of performance since plaintiff was to return to her residence, was the loaction of the subject matter of the contract, and was domiciled

-8-

where the contract took place, it appears that Section 6(2) clearly underscores the need to incorporate Massachusetts' statute of limitations as the correct rule to the case at bar. Indeed, the parties have a "justified expectation" that their contractual relationship concerning the performance of Delta's air travel services would engender a centered relationship in Massachusetts and that the forum law would apply. Id. Ever along the continuum, is the undisputed fact that plaintiff consistently informed Delta of her disability.

Thus, a closer analysis of *Nierman* indicates that that case cited by Delta is clearly distinguishable here. *Nierman* allowed for the proposition of an apposite forum's application of law, but the tort occurred at a statationary hotel where services were offered at one site. It is conceivable that the hotel would employ only local employees and that the forum state of situs would have a vested interest in those employees. However, here the very nature of air travel is transitory. Airline personnel are transitory and flights take one all over the world while planes stop to refuel, unload passengers and even change personnel. Above, it is undisputed that plaintiff checked in her bags and was within the sole purview of Delta at the boarding gate and New Orleans airport. She was not in the parking lot or in the common area that would be a fixed location.. Rather, she was partaking of the terms of her ticket - she was on her way home and once she checked in her bags with Delta, Delta assumed a continuum of that contract. While plaintiff's injuries and complaint are based upon the negligence of Delta, Delta was in the stream of commerce as a service air carrier. Plaintiff has also purchased her ticket for those air travel services. Here, it is clear-cut: a tort was committed upon plaintiff by Delta, and that tort was initiated and begun by a contractual relationship between the parties.

Indeed, plaintiff's count of Negligent Performance of Services is a tort that sounds in contract law. Indeed, "the validity of a contract for the rendition of services and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that the services...be rendered. Bergin v. Dartmouth Pharmaceutical, 326 F.Supp.2d 179, 2004 WL 1657215 (D.Mass.)). Cases where a contract is at issue, such as an employment or service contract, have been found to employ the statute of limitations rule where that contract originated and where the parties reside. See York v Schultz, 307 F.Supp.2d 108 (2004). As here, the precedent is clear and as plaintiff has illustrated the existence of a genuine issue as "a reasonable jury could return a verdict " for plainitff. Anderson v. Liberty Lobby, Ins., 477 U.S. 242, 247-48 (1986). It is similarly certain that precedent indicates that the forum state, here Massachusetts, that administered a contract for services and where plaintiff lives, where a travel agent has its principal place of business, where plaintiff planned to return to and where the air travel service contract that Delta agreed to, would return plaintiff to her state of domicile and "Massachusetts has a strong policy interest in ensuring companies based here honor their contractual obligations," and this is especially true where a contract was negotiated and memorialized. *Bergin* at 182.

### Conclusion

For all of the preceding reasons set forth in this memorandum, Defendants Motion must be denied, with prejudice, in its entirety.


Dated: November 19, 2004

-10

By Her attorney,



Jeanne A. Liddy (BBO#646478)
Law Offices of Jeanne A. Liddy
94 N. Elm Street, Suite 207
Westfield, MA  01085
Tel:  (413) 562-7096
Fax: (413) 562-1225

Dated: November 19, 2004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day,  I, Jeanne A. Liddy, Esq.,
of Law Offices of Jeanne A. Liddy at 94 North Elm Street, Suite 207, Westfield, MA
01085, counsel for plaintiff, Doris Mundo have served the foregoing document, by
mailing a true copy first-class mail, postage prepaid, to to Peter Black, Esq., at  Two
Center Plaza, Suite 600, Boston, MA  02108, of Meehan, Boyle, Black & Fitzgerald,
P.C., counsel of record for Delta Airlines Incorporated.



Jeanne A. Liddy

-11-