```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


DORIS P. MUNDO,              )
         Plaintiff           )
                             )
     v.                      )  CIVIL ACTION NO. 03-30311-MAP
                             )
DELTA AIRLINES, INC.         )
         Defendant           )
```

<u>MEMORANDUM AND ORDER REGARDING</u>
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>
(Docket No. 14)

January 31, 2005

**PONSOR, U.S.D.J.**

Plaintiff has brought this action against the defendant in two counts: negligence and negligent performance of services. The plaintiff suffers from a seizure disorder; the essence of her claim is that employees of the defendant failed to respond appropriately when she informed them of a possible impending attack while she waited for her flight at the airport in New Orleans, Louisiana.

Defendant has moved for summary judgment based upon the failure of the plaintiff to comply with Louisiana's one-year statute of limitations. The plaintiff has responded that the governing rule of law is the three-year statute of limitations of the Commonwealth of Massachusetts.

Following oral argument on January 27, 2005, the court allowed the defendant's motion. The reasons are stated in

more detail in the court's oral remarks, but in essence the court found that the center of gravity of this transaction was the claim of the plaintiff that the defendant was negligent in New Orleans, Louisiana.  As defendant pointed out, this case is identical in all significant respects to the decision in <u>Niermann v. Hyatt Corp.</u>, 441 Mass. 693 (2004).  As in <u>Niermann</u>, all of the allegedly negligent events took place out of Massachusetts (in this case, Louisiana).

Plaintiff's attempt to transform her claim for "negligent performance of services" into a contract claim anchored in Massachusetts is unpersuasive.  This is a negligence case, and the alleged negligence took place in Louisiana.  Louisiana's one-year statute of limitations therefore controls.

For the foregoing reasons, the defendant's Motion for Summary Judgment is hereby ALLOWED as to both counts in the plaintiff's complaint.  The clerk is ordered to enter judgment in favor of the defendant.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge